27 F.3d 564
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Petitioner-Appellee,
v.
Joseph Burton COLE, Respondent-Appellant.
 No. 93-6894.
 United States Court of Appeals, Fourth Circuit.
 Submitted: February 28, 1994.
Decided: June 23, 1994.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, District Judge. (CA-93-384-HC-BR)
 G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.
 Rudolf A. Renfer, Jr., United States Attorney, Barbara D. Kocher, Special Assistant United States Attorney, Raleigh, North Carolina, for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before WILKINS and LUTTIG, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Joseph Burton Cole appeals from a district court order that committed him to the custody of the Attorney General under 18 U.S.C. Sec. 4245 (1988) for transfer to a suitable facility for treatment for a mental disease or defect. Because we find that the court's factual findings supporting its order are not clearly erroneous, we affirm.
 
 
 2
 Cole was most recently incarcerated for a fourth parole violation. During his incarceration, he voluntarily agreed to transfer from a penitentiary in Atlanta, Georgia to FCI-Butner because of deterioration of his mental and physical health. Medical staff at Butner diagnosed Cole as suffering from "organic affective disorder" and found him uncooperative with his treatment plan. He has informed doctors there that he is not suffering from mental illness and that he should not be housed in a mental health unit.
 
 
 3
 Neither was Cole fully cooperative with the treatment of his physical health problems, the most serious of which is diabetes. Cole has not maintained a consistent diet and has refused monitoring of his blood glucose levels and insulin treatment at various times. Because Cole's lack of cooperation in the treatment of his mental and physical illnesses could have serious consequences, the Government, at the request of Butner staff, requested a hearing underSec. 4245 to determine Cole's present mental condition. After reviewing two psychiatric reports and hearing testimony from Cole's Butner psychiatrist, the court found that a preponderance of the evidence established that Cole was suffering "from a mental disease or defect for the treatment of which he is in need of custody for care and treatment in a suitable facility."
 
 
 4
 The court committed Cole to Butner under 18 U.S.C.Sec. 4245(a) (1988), which states:
 
 
 5
 If a person serving a sentence of imprisonment objects either in writing or through his attorney to being transferred to a suitable facility for care or treatment, an attorney for the Government, at the request of the director of the facility in which the person is imprisoned, may file a motion with the court for the district in which the facility is located for a hearing on the present mental condition of the person. The court shall grant the motion if there is reasonable cause to believe that the person may presently be suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility.
 
 
 6
 A finding that a prison inmate suffers from a mental disease or defect to warrant transfer to a suitable facility underSec. 4245 is a finding of fact that is subject to the clearly erroneous standard of review. United States v. Steil, 916 F.2d 485, 487 (8th Cir.1990). A finding of fact is clearly erroneous when, although there is evidence to support it, on the entire evidence the reviewing court is left with the definite and firm conviction that a mistake has been committed. Faulconer v. Commissioner, 748 F.2d 890, 895 (4th Cir.1984).
 
 
 7
 Cole asserts on appeal that the district court improperly committed him under Sec. 4245 because he voluntarily consented to his treatment at Butner and he never formally withdrew his consent or objected to his treatment there. Cole's treating psychiatrist at Butner ("Bellard") testified at the hearing that though Cole came to Butner voluntarily, he needed to be hospitalized there involuntarily. Bellard noted that Cole had "vacillated about whether he wants to be a voluntary patient or not." Bellard testified that Cole was often disruptive, uncooperative, and twice assaultive. Bellard also testified that Cole had demanded his release from Butner because he did not believe that he was suffering from a mental illness or that he should be housed in a mental health unit. Bellard also noted that Cole had filed many administrative complaints concerning his status at Butner.
 
 
 8
 We find that the record sufficiently establishes that Cole no longer consented to his treatment at Butner and that the district court's finding that Cole was suffering from a mental disease or defect necessitating transfer to a suitable facility under Sec. 4245 is not clearly erroneous. We therefore affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED